Submitted on remand from the Oregon Supreme Court July 12, reversed and remanded September 1, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERIC PAUL DOYLE,
*Defendant-Appellant.*

Lane County Circuit Court
201503402; A160738

496 P3d 709

On remand from the Oregon Supreme Court, *State v. Doyle*, 368 Or 206, 487 P3d 847 (2021).

Karrie K. McIntyre, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the briefs for respondent.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

This case is before us a second time. In *State v. Doyle*, 298 Or App 712, 450 P3d 29 (2019) (*Doyle I*), defendant appealed his conviction for first-degree sexual abuse, challenging the trial court's rulings that precluded admission of certain evidence and denied defendant's requested jury instruction on unanimous verdicts. We rejected all of defendant's arguments, writing only to address defendant's evidentiary claims. The Supreme Court granted defendant's petition for review, vacated our opinion, and remanded for us to reconsider our decision in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). *State v. Doyle*, 368 Or 206, 487 P3d 847 (2021) (*Doyle II*). Considering the change in the law from *Ramos*, we now reverse defendant's conviction on that basis. Nonetheless, because the same evidentiary issues are likely to arise on remand, we adhere to the balance of *Doyle I* and reject defendant's remaining assignments of error.

A full recitation of the facts was previously provided in *Doyle I*. We restate the following facts only as necessary to understand defendant's jury instruction claim and our decision to address and adhere to our prior decision related to defendant's evidentiary claims.

Defendant was charged with sexually abusing F, who was the eight-year old daughter of defendant's friends (F's mother and stepfather). *Doyle I* explained:

> "Before trial, the state sought to preclude defendant from confronting F with evidence that she had previously made several false accusations of sexual abuse, and the court held a hearing outside the presence of the jury to evaluate that evidence. In particular, defendant sought to cross-examine F about prior accusations of sexual abuse against her brothers, father, and stepfather. Defendant argued that [the evidence was admissible,] in accordance with the criteria for admission under [*State v.*] *LeClair*, [83 Or App 121, 730 P2d 609 (1986), *rev den*, 303 Or 74 (1987)][.]"

298 Or App at 713-14 (footnote omitted). After a hearing, "the court rejected defendant's *LeClair* arguments, ruling that defendant would not be permitted to cross-examine F on past sexual abuse accusations." *Id.* at 718.

Before trial, defendant filed a motion requesting that the jury be instructed that it must reach a unanimous verdict to convict. The trial court rejected that motion, instructing the jury that it could convict if "10 or more jurors" agreed on the verdict. After the jury was so instructed, defendant again objected. The jury convicted defendant of first-degree sexual abuse.[1] Both parties declined the trial court's request to poll the jury.

Defendant appealed his conviction, arguing that the trial court erred in precluding him from confronting F at trial with evidence that she had falsely accused others of sexual abuse. Defendant also argued that the Sixth and Fourteenth Amendments to the United States Constitution requires unanimous jury verdicts and failure to give such an instruction constitutes structural error. As noted, we rejected both arguments and affirmed. *Doyle I*, 298 Or App at 713 n 1, 720-24.

Defendant sought review of all of our rulings. The Supreme Court allowed review and vacated our decision and remanded for us to reconsider our decision in light of the change in the law from *Ramos*.

Beginning with defendant's jury instruction claim, we now conclude that the trial court erred in instructing the jury that it could convict based on a nonunanimous verdict. *See Ramos*, 590 US at ___, 140 S Ct at 1390 (holding that the Sixth Amendment to the United States Constitution requires a jury to be unanimous to convict of a serious offense). However, we reject defendant's argument that the error constitutes structural error. *State v. Flores-Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Nonetheless, because there was no jury poll and the state is unable to demonstrate that the error is harmless beyond a reasonable doubt, the error requires reversal. *See State v. Scott*, 309 Or App 615, 621, 483 P3d 701 (2021) (explaining that, when the unanimous jury instruction issue has been preserved, it is incumbent upon the state, who is the beneficiary of the error, to establish that the error was harmless beyond a reasonable doubt).

---

[1] Defendant was acquitted of first-degree unlawful sexual penetration.

We turn to defendant's remaining assignments of error challenging the trial court's evidentiary rulings prohibiting defendant from cross-examining F about alleged prior false accusations of sexual abuse. Because those issues are likely to arise on remand, it is appropriate for us to reach those issues. And, for all of the reasons expressed in the opinion, we adhere to our decisions in *Doyle I* on those issues and reject defendant's arguments.

Reversed and remanded.